# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATHANIEL C., | * |
| v. | * Civil Case No. ELH-18-179 |
| COMMISSIONER, SOCIAL SECURITY | * |

## MEMORANDUM

This Memorandum addresses Plaintiff Nathaniel C.'s Motion for Reconsideration. ECF 21; *see* ECF 22 (order construing plaintiff's filing of ECF 21 as a motion for reconsideration). A hearing is not necessary. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion for Reconsideration.

## I.   Procedural Background

On September 24, 2018, Judge Gallagher entered her Report and Recommendations (ECF 19), recommending that the Court deny plaintiff's motion for summary judgment (ECF 16), grant the Social Security Administration's motion for summary judgment (ECF 17), and close the case. The Report and Recommendations advised that any objections were due within 14 days of the report. *See* ECF 19. No written objection was filed within 14 days of the report. *See* Docket.

By Order of October 16, 2018, I adopted the Report and Recommendations. ECF 20. That same day, the Clerk closed the case. On October 23, 2018. the Clerk docketed Plaintiff's written objections to the Report and Recommendations, dated October 19, 2018. ECF 21. Thereafter, on October 23, 2018, I entered an Order, explaining that plaintiff's filing would be considered a Motion for Reconsideration. The Social Security Administration ("SSA") responded on November 5, 2018. ECF 23. On January 31, 2019, the SSA docketed returned mail, indicating

that plaintiff had not received the response. ECF 24. Accordingly, I entered an Order directing plaintiff to verify his current mailing address (ECF 25), to which plaintiff responded. ECF 26. By Order of February 13, 2019, I afforded plaintiff twenty-one days to file a reply to the SSA's response. ECF 27. On March 7, 2019, plaintiff filed his reply. ECF 28.

## II. Standard of Review

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own,

2

authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2-3; *Lewis v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1561, 2015 U.S. Dist. LEXIS 42988, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015). Plaintiff's Motion to Reconsider was filed on October 23, 2018 (ECF 21), within twenty-eight days of the filing of the Order on October 16, 2018 (ECF 20). Therefore, Rule 59(e) applies here.

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy*

*Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Moreover, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 at 171 (3d ed. 2012) ("Wright & Miller") ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also* 11 Wright & Miller § 2810.1 at 156-57 (noting the same).

### III. Discussion

I have reviewed plaintiff's filings and have determined that he essentially expresses disagreement with the court's ruling, as set forth by Judge Gallagher in her Report and Recommendations, and as adopted by the Court by Order of October 16, 2018. Having conducted further review of those portions of the Report and Recommendation to which plaintiff objects, I find that the objections lack merit. Accordingly, I shall deny Plaintiff's Motion to Reconsider.

An Order follows, consistent with this Memorandum.

Dated: May 9, 2019
/s/
Ellen L. Hollander
United States District Judge